IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VICKY A. BARRETT,                           )
                                            )
            Plaintiff,                       )
     -vs-                                    )
                                              Civil Action No.  06-994
                                            )
VESUVIS MCDANEL, et al.,                     )
                                            )
            Defendant.                       )

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Following the close of discovery and after the Defendants had begun preparing motions for summary judgment, Plaintiff filed the pending Motion for Voluntary Dismissal pursuant to Rule 41(a)(2).  Though she concedes that her Motion is prompted by her inability to withstand summary judgment, she seeks dismissal without prejudice and seemingly intends to prosecute these claims in a second, already pending, litigation.  Dismissal without prejudice would, at this procedural juncture, cause substantial prejudice to the Defendants.  Accordingly, the Motion for Voluntary Dismissal is granted, with prejudice, under the conditions set forth below.

### OPINION

*I. BACKGROUND*

Plaintiff Vicky Barrett ("Barrett") commenced this action on July 25, 2006 naming as Defendants her employers Vesuvius McDanel and Vesuvius USA

1

(collectively referred to as "Vesuvius"), McDanel Advanced Ceramics Technologies, LLC (referred to as "McDanel"), incorrectly identified in the caption as "McDanel Advanced Technologies, Inc," Poppy Advanced Technologies Inc. and Poppy Advanced Ceramics Technologies, LLC.  She brought suit under Title VII and the Pennsylvania Human Relations Act ("PHRA").  She claimed that the Defendants had harassed and discriminated against her on the basis of her race, sex and gender and then had retaliated against her once she objected to such behavior.

Since its inception, this case has been plagued by Barrett's, or more precisely her counsel's, failure to abide by discovery deadlines and Court Orders.  I take the time to document these failings because Barrett now comes to the Court at this late juncture asking that her case be dismissed without prejudice.

A deadline for discovery was initially set for March 31, 2007.  At a minimum, the parties had 180 days of discovery on a routine, non-complex employment discrimination case.  Given that the Complaint was filed in July, and in light of the mandatory initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, the parties arguably had more than 180 days. Certainly this should have been ample time.

It was clear, however, early on in this process that counsel for Barrett struggled to meet established timelines.  For instance, Barrett missed the deadline for serving her Responses to Request for Admissions.  Accordingly, she had to file a Motion to Withdraw Answers to Request for Admissions. <u>See</u> Docket No. [24]. Counsel for Barrett explained that her heavy caseload and demands upon her staff

caused her to miss her deadline.  I granted the request and permitted her to withdraw the deemed admissions. See Docket No. [27].

Discovery problems continued as I thereafter received a Motion for Sanctions from McDanel. See Docket No. [30].  McDanel sought to recover fees and costs incurred when Barrett failed to appear at a previously scheduled deposition. McDanel had noticed the deposition well in advance and heard no objections from counsel for Barrett.  On the eve of the deposition, in an attempt to confirm that Barrett and her counsel would be attending, counsel claimed that she was unaware of the deposition and could not assure that her client would attend.  Despite my empathy for McDanel's frustration, and my own growing frustration with counsel for Barrett, I declined to award costs and fees. See Docket No. [36].  I did so in order to avoid penalizing Barrett for what I viewed to be the responsibility and fault of her attorney.

Barrett then asked for an extension of the discovery period.  Though more than eight months had transpired since the filing of the Complaint, counsel for Barrett complained that she needed additional time for the completion of discovery. See Docket No. [33].  Apparently, she had failed to timely respond to Vesuvius's First Request for Admissions, Request for Production of Documents and Interrogatories, which had been sent on February 15, 2007.  Counsel for Barrett blamed her failure to timely respond upon "illness" and "staff shortages." She requested thirty additional days within which to respond to Vesuvius's outstanding discovery requests and an additional ninety days to engage in discovery

regarding claims she intended to bring into the litigation by virtue of an Amended Complaint.  She represented that she would be filing a Motion for Leave to Amend "within the next week." See Docket No. [33], p. 3.  This representation was made on March 23, 2007.

Significantly, no Motion for Leave to Amend was filed "within the next week," or indeed ever.  Nevertheless, in what in hindsight has shown to be too lenient an approach to counsel for Barrett's behavior, I granted an additional thirty days of discovery. See Docket No. [34].  I also clearly instructed Barrett to respond to Vesuvius's outstanding discovery requests by no later than April 3, 2007. Id.  I then set a firm date for a Settlement Conference.

At the Settlement Conference held on May 2, 2007, McDanel explained its intention to file a motion for summary judgment.  When queried as to what evidence Barrett had produced during discovery to defeat the intended motion, counsel for Barrett conceded that she had none and that she basically had not conducted much in the way of discovery.  She then pleaded for an additional discovery period, which I declined to entertain.  I then set firm deadlines for the filing of the motion for summary judgment and the response.  The parties were instructed that no extensions to these deadlines would be granted. See Docket No. [37].  I also learned that Barrett still had not produced responses to the discovery which I had previously ordered her to provide by April 3, 2007.  I instructed her to tender those responses by the end of the day.

Apparently Barrett ignored this instruction as well.  More than a week later,

4

Vesuvius filed a Motion to Compel Discovery and For Sanctions. See Docket No. [38]. In its Motion and supporting Brief, Vesuvius detailed Barrett's repeated failures (some of which are detailed above) to respond to outstanding discovery requests. Vesuvius also pointed out that Barrett completely ignored this Court's clear directives that she was to respond to all outstanding discovery requests propounded by Vesuvius no later than April 3, 2007 ( see Docket No. [34]) and again on May 2, 2007. [1]

It is with this framework in mind that I turn to consider Barrett's request that this case be dismissed pursuant to Rule 41(a)(2), without prejudice.

II. _ANALYSIS UNDER RULE 41(A)(2)_

Rule 41(a)(2) provides, in relevant part, that:

> ... an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. ...

Fed. R. Civ. P. 41(a)(2).  "The question of whether dismissal under Rule 41(a)(2) is with or without prejudice is within the discretion of the Court." Rhym v. SEPTA, Civ. No. 5-3750, 206 WL 2038602 at * 2 (E.D. Pa. July 20, 2006), citing, Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (2006) ("if the plaintiff ... moves for dismissal without prejudice ... the matter is left to the discretion of the court"). See

---

[1]Vesuvius asks that this Court dismiss Barrett's claims as a sanction for her repeated failures to abide by the discovery process and this Court's directives.  As an alternative, Vesuvius seeks an Order compelling Barrett to respond.  Significantly, Barrett does not dispute Vesuvius's rendition of facts.  Instead, Barrett simply argues that this Court should grant her Motion for Voluntary Dismissal without prejudice and if such relief is granted, issues of outstanding discovery become moot. I decline to rule on the Motion at this time.

also Buse v. The Vanguard Group of Investment Companies, Civ. No. 91-3560, 1994 WL 111359 at * 3 (E.D. Pa. March 31, 1994) (stating that "[a] district court is vested with great discretion in determining whether to grant a Rule 41(a)(2) motion with or without prejudice").

In ruling on a motion under Rule 41(a)(2), a court should consider factors such as:

> (1) the defendants' efforts and expense in preparing for trial;
>
> (2) excessive delay and lack of diligence on the part of the movant;
>
> (3) insufficient explanation of the need for a voluntary dismissal; and
>
> (4) excessive and duplicative expense of a second litigation.

See Miller v. Terramite Corp., 114 Fed. Appx. 536, 539 (4th Cir. 2004), citing, Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996), Rhym v. SEPTA, Civ. No. 5-3750, 206 WL 2038602 at * 2 (E.D. Pa. July 20, 2006) and Maleski v. DP Realty Trust, 162 F.R.D. 496, 498 (E.D. Pa. 1995).

After careful consideration, I find that these factors weigh in favor of a dismissal with prejudice.  First, the Defendants have gone to considerable expense in litigating this case.  In addition to the routine cost of the discovery process associated with every case, this case has fostered numerous discovery motions.  The Defendants have had the added expense and time of the phonecalls, letters and emails to counsel for Barrett regarding delinquent discovery responses.

Furthermore, because none of those typically successful methods apparently worked, Defendants had the additional burden of filing motions to compel and motions for sanctions.  Additionally, the Defendants have now filed motions for summary judgment.  I recognize that Barrett's Motion for Voluntary Dismissal was filed before the dispositive motions were filed.  Yet her Motion was filed well <u>after</u> the Defendants had expressed their intention of filing and after they had begun working on the same.  As such, these are further costs the Defendants have expended in this litigation.  Given the late stage of this proceeding, the Defendants are entitled to a resolution on the merits.

In addition to the Defendants' efforts and expense in litigating this case through the conclusion of discovery and to the point of filing dispositive motions, I find compelling counsel for Barrett's excessive delay and lack of diligence.  As documented above with respect to the discovery process, counsel for Barrett has virtually ignored every discovery deadline associated with this case.  Indeed, she even ignored direct Orders of this Court.  Counsel offers nothing more than the same litany of excuses that she offers in other cases - "staff shortages," "heavy workload," "illness."[2]  Barrett even showed a lack of diligence in filing the pending Motion.  As stated above, at the Settlement Conference held on May 2, 2007, counsel for Barrett essentially conceded that the discovery process had not yielded any evidence which could defeat a motion for summary judgment.  Yet despite being

---

[2] This Court has numerous cases with Barrett's counsel and has been offered the same excuses time and again.

7

informed at that conference that the Defendants intended to file such a motion, Barrett waited approximately two weeks to seek voluntary dismissal.

In addition to a lack of diligence, counsel for Barrett's explanation for the need for a voluntary dismissal is wholly unsatisfactory.  Barrett explains that she seeks voluntary dismissal without prejudice in the interest of judicial economy "since it has become essentially a moot point of trying to survive a Motion for Summary Judgment where Plaintiff produced massive answers to discovery while Defendants avoided minimum answers to Plaintiffs [sic] discovery requests." See Docket No. 41, ¶ 2.[3]  Barrett's inability to withstand a dispositive motion should not be a basis for permitting her to dismiss without prejudice. Indeed, "[a]fter such an admission at this late stage in the litigation, it would be inequitable to give plaintiffs an opportunity to re-file this action." Hoffman-LaRoche Inc. v. GenPharm Inc., 50 F. Supp.2d 367, 372 (D. N. J. 1999) (granting a Rule 41(a)(2) motion, but dismissing the case with prejudice where the plaintiff conceded that the defendant did not infringe its patents). The need to file a Motion for Voluntary Dismissal was created entirely by Barrett's counsel's lack of diligence.  Had she fully engaged and participated in the discovery process, as is contemplated by the Federal Rules of Civil Procedure, withdrawal at this point would be unnecessary.  Further, as is discussed below, it is clear that Barrett seeks to withdraw only so that she can pursue these claims in a second litigation.  Apparently, counsel for Barrett intends to develop in

---

[3]  I note that at no time did Plaintiff ever file a Motion to Compel contending that the Defendants had filed unsatisfactory discovery responses.

the discovery process in the second litigation what she failed to develop in this case. Again, this is not a convincing reason for dismissing the case.

Finally, I must consider the excessive and duplicative expense of a second litigation. This is more than a theoretical exercise because Barrett already filed a duplicative litigation against the same Defendants. See Civil Action No. 07-457. That litigation does include a disability claim and an age discrimination claim as well, which are not set forth in the pending action. However, the newly filed action does assert claims of race and gender discrimination as well as retaliation. Indeed, it is clear that Barrett intends to pursue in the second litigation the claims she now seeks to abandon in this litigation. She states:

> In comparing the "JURISDICTION" Section of the initial complaint to the same "JURISDICTION" Section of the second complaint, the only addition was to allege claims under the ... [ADA] ... and the [ADEA]. Obviously, both complaints will involve litigation of claims regarding harassment and discrimination which the Plaintiff experienced at the hands of the Defendants. The only change between the two filings is the addition of the disability and age; both complaints fully aver claims concerning discrimination and retaliatory acts regarding her race and her gender.

See Docket No. 49, p. 2. Thus, the Defendants would be forced to defend in a second litigation the exact claims that they have already defended - through the discovery process and are awaiting summary judgment rulings on - in this litigation.

In short, I agree with the Defendants that Barrett's Motion is simply an attempt to avoid the disposition of her claim on summary judgment. She herself concedes that she cannot survive dispositive motions. For that reason, coupled with

the expense and effort the Defendants have exerted in litigating this case through the close of discovery; the delay and complete lack of diligence shown by Barrett's counsel; her wholly inadequate reason for seeking dismissal without prejudice, and the excessive and duplicative expense of a second litigation, I exercise my discretion in granting the Motion, <u>with prejudice</u>.  That is, Barrett's claims are voluntarily dismissed pursuant to Rule 41(a)(2), but the dismissal of such claims are with prejudice.[4]

In so holding, I note that Barrett has had notice that the issue of dismissal *with prejudice* was before the Court.  Both Defendants filed Briefs in Opposition to the pending Motion and sought, as a condition of dismissal, that the dismissal be with prejudice.  Barrett thereafter filed a Response in which she acknowledged that the Defendants sought dismissal with prejudice and argued against such a course of action. <u>See</u> Docket No. [49], p. 3.  As such, she has had notice and the opportunity to be heard on the issue of whether dismissal should be with or without prejudice.

"There is authority in other circuits suggesting when plaintiffs seek dismissal without prejudice and a court dismisses with prejudice, plaintiffs should be given an opportunity to withdraw their motion."   <u>John T. v. The Delaware County Intermediate Unit</u>, Civ. No. 98-5781, 2001 WL 1391500 at * 4 n. 5 (E.D. Pa. Nov. 7, 1991),

---

[4]I recognize that such a resolution may be unfair to Barrett, who may in fact bear little responsibility for the manner in which this case was handled on her behalf.  At each step in this case I have erred on the side of protecting Barrett's interest, in granting an extension, in accepting pat excuses, and in refraining from imposing sanctions.  At this juncture, however, I cannot place Barrett's interests above those of the Defendants, who, as set forth above, will suffer substantial harm if Barrett is permitted to withdraw this claim without prejudice.  Barrett's relief for the manner in which this case was litigated must lie elsewhere.

citing, Stephen Duffy et al v. Ford Motor Co., 218 F.3d 623, 632 (6th Cir. 2000) and

Marlow v. Winston & Strawn, 19 F.3d 300, 304 (7th Cir. 1994). In light of this authority,

and as set forth in the accompanying Order, I will hold the case open for a period

of time following issuance of the Order granting dismissal with prejudice.  If, during

this period, Barrett files a Motion to Withdraw Motion for Voluntary Dismissal, I will

vacate this Opinion and Order and proceed with a resolution of this case on the

merits.

* * * * * * * * * * * * * * * * * * * * * * * * *

ORDER OF COURT

AND NOW, this **8th** day of June, 2007, after careful consideration, and for the

reasons set forth in the accompanying Opinion, it is Ordered that  Plaintiff's Motion

for Voluntary Dismissal (Docket No. [41]) is GRANTED, with the provision that such

dismissal is *with prejudice*.

The case shall, however, remain OPEN.  If, by June 15, 2007, Barrett files a

Motion to Withdraw Motion for Voluntary Dismissal, I will vacate this Opinion and

Order and proceed to issue an Order with respect to Defendant's Motion to Compel

Discovery and Sanctions. <u>See</u> Docket No. [38].  Then, if necessary, I will resolve the pending Motions for Summary Judgment.  Plaintiff is reminded that Briefs in Opposition to Summary Judgment are due by July 2, 2007.  As stated earlier, no extensions will be permitted.


BY THE COURT:



<u>/S/   Donetta W. Ambrose </u>

Donetta W. Ambrose,
Chief U. S. District Judge