IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICKY BARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 06-994 |
| | ) |
| VESUVIUS MCDANIEL, VESUVIUS, USA, MCDANEL | ) |
| ADVANCED TECHNOLOGIES, INC, and POPPY | ) |
| ADVANCED CERAMIC TECHNOLOGIES, LLC., | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

OPINION and ORDER OF COURT

This case has a tortured, if not long, history. After more than six months of discovery, of Plaintiff's repeated formal and informal requests to extend discovery, of Motions to Compel and of Motions for Sanctions, Plaintiff Vicky A. Barrett ("Barrett") filed a Motion for Voluntary Dismissal pursuant to Rule 41(a)(2). See Docket No. [41]. Barrett asked that her claims be dismissed without prejudice so that she could pursue them in a second litigation. Detailing Barrett's complete failure to meaningfully participate in the discovery process or to take any action to advance her claims, and of the corresponding prejudice to the Defendants caused by Barrett's (or more accurately, her counsel's) behavior, I granted dismissal of the

1

claims, but dismissed them with prejudice. See Docket No. [60].

The Order permitted Barrett to withdraw her Motion for Voluntary Dismissal, however, and proceed with a resolution of the case on the merits. Id., p. 11. I explained that, if Barrett exercised this option, I would proceed to consider a pending Motion to Compel Discovery and for Sanctions (Docket No. [38]) and two Motions for Summary Judgment. See Docket Nos. [50] and [55]. Barrett did then seek to withdraw her Rule 41(a)(2) Motion, which I granted. See Docket No. [62]. I did so fully expecting Barrett to prosecute her claims.

Again, I have been proven wrong. For instance, though the Motion to Compel Discovery and For Sanctions sought the entire dismissal of the Complaint based upon Barrett's failure to adequately respond to repeated discovery requests, Barrett provided no substantive response. Admittedly, she did respond prior to this Court's having ruled on her Motion for Voluntary Dismissal. See Plaintiff's Response, Answer, and Memorandum of Law in Opposition to Defendants' Motion to Compel Discovery, Defendants' Motion for Sanctions, and Defendants' Opposition to Plaintiff's Motion for Voluntary Dismissal Under Rule 41(a)(2), Docket No. [48]. Significantly, in that response, Barrett did not disagree with the Defendant's characterization of her repeated failure to produce discovery responses. Rather, Barrett simply argued that, if her Complaint were dismissed pursuant to Rule 41(a)(2) without prejudice, there would be no outstanding discovery requests upon which to issue sanctions. Yet her Complaint has not been dismissed. Accordingly, the discovery requests are not moot. More than three weeks have passed since it

became clear that the discovery requests were not moot.  Yet even facing the possible dismissal of her claims as a sanction, Barrett did not file any supplemental substantive response to the Motion to Compel.

I also note that Barrett did not file any responses to the two pending Motions for Summary Judgment.  She was given repeated notice that her responses were due on July 2, 2007 and that no extensions would be permitted.  I am aware of case law in this Circuit which stands for the proposition that it is inappropriate for a district court to grant summary judgment in favor of a defendant simply because the plaintiff has failed to file a brief in opposition. See Finkle v. U.S. Dept. Of Labor, Civ. No. 5-5525, 2007 WL 1963163 at * 3 (D. N.J. June 29, 2007) (stating that "[a] movant is not entitled to summary judgment simply because the non-movant fails to oppose the motion."), citing, Anchorage Associates v. V.I. Bd. Of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990) and Spencer v. Eckman, Civ. No. 4-4974, 2006 WL 1997382 at * 5 (E.D. Pa. July 13, 2006) (stating that "[a]n unopposed motion for summary judgment may only be granted where the Court determines that summary judgment [is] 'appropriate' pursuant to Rule 56"), citing, Anchorage, 922 F.2d at 175.

Thus, I make it clear that in finding the Defendants entitled to the entry of summary judgment in their favor, I do so based not upon the mere failure to file an opposition to the pending Motions.  Rather, I base my decision upon Barrett's previous concessions, coupled with her failure to file oppositions.  Specifically, during a Settlement Conference held on May 2, 2007, counsel for the Defendants explained that they intended to file motions for summary judgment and they

explained the bases for these motions. When the Court queried counsel for Barrett regarding what evidence she had amassed during the discovery process which would defeat the intended motions, counsel responded that she had none. I noted this concession in my Opinion and Order granting the Motion to Voluntarily Withdraw. See Docket No. [60], p. 4.[1] Thereafter, Barrett affirmed this concession in her Motion for Voluntary Dismissal, when she explained that she wanted to dismiss her claims "since it has become essentially a moot point of trying to survive a Motion for Summary judgment … ." See Docket No. [41], ¶ 2. The Defendants thereafter filed the Motions for Summary Judgment on the very bases identified in the Settlement Conference, and which Barrett had stated she had no basis to oppose.

    I thought, perhaps, that in withdrawing her Motion for Voluntary Dismissal, Barrett had reexamined the evidence or reconsidered the legal arguments and found a basis upon which to advance her claims. Yet her failure to file a brief in opposition to the pending summary judgment motions, in light of her previous concessions, simply confirms for me what has been evident in this case since its inception - that Barrett (or her counsel) had no real intention of pursuing the claims set forth in the Complaint. At every stage of this litigation, Barrett has failed to prosecute this case. This Court has given her every opportunity to cure this defect. Nevertheless, based upon her two concessions that she has no evidence or argument to defeat the Defendants' Motions for Summary Judgment, those Motions

---

[1] I note that in seeking to withdraw her Rule 41(a)(2) Motion, counsel for Barrett did not disagree with my recitation of this conversation.

(Docket Nos. [50] and [55]) are GRANTED.  Judgment is entered in favor of Defendants and against Plaintiff.  This case is closed forthwith.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

July **13**th, 2007